THE PEOPLE OF THE STATE OF NEW YORK ex rel. M. ORME WILSON, Relator, *v.* JAMES A. WENDELL, as Comptroller of the State of New York, Respondent.

Third Department, May 4, 1921.

Taxation — income tax — difference between value of stock at beginning of year and date when stock given away in good faith not taxable.

The increase in the value of certain stock accruing between January 1, 1919, and the date during that year when the relator, in good faith, gave the stock away without any intent to evade taxation, cannot be considered as income and taxable as such.

KILEY, J., dissents.

CERTIORARI issued out of the Supreme Court and attested on the 7th day of January, 1921, directed to James A. Wendell, as Comptroller of the State of New York, commanding him to certify and return to the office of the clerk of the county of

Albany all and singular his proceedings had in adjusting an account for income taxes for the taxable year 1919 against the petitioner under article 16 of the Tax Law (as added by Laws of 1919, chap. 627), and in revising said account.

*Tracey, Cooper & Savage* [*James F. Tracey* and *John G. Agar* of counsel], for the relator.

*Charles D. Newton,* Attorney-General [*James S. Y. Ivins, Deputy Attorney-General,* of counsel], for the respondent.

JOHN M. KELLOGG, P. J.:

The relator owned certain stocks January 1, 1919, and before December 31, 1919, in good faith gave them away to relatives, without any intent to evade taxation. The Comptroller has imposed upon him an income tax upon the difference between the value of the stocks January first and on the dates when they were given away. There is an expectation that bread cast upon the waters will return after many days, but that is a matter of faith and not a taxable profit.

It is difficult to see how the relator, by actually giving away his property, has received any profit which is taxable under the law. If his good faith were assailed, another question would be presented, but we must assume it was done without reference to the Income Tax Law. Unless the true spirit of the statute makes such a gift taxable, the regulations of the Comptroller are ineffectual to bring about such a result. The tax must rest upon a gain, profit or income to the relator, and if he gave away the stocks on a certain day, in a pecuniary way he gains no profit or advantage from the fact that they were worth more at that time than on January first. His apparent loss in property would have been less if given away on January first than at the date when the gifts were made; but the increase in a loss cannot in any way be tortured into a profit. It is suggested that unless the tax is imposed, the gain which accrued to this stock from January first to the time of the gift cannot be taxed. But that suggestion has but little force; it may indicate that the law should have been worded differently, but furnishes no sound reason why the relator should be charged with profit which he never received. As a matter of fact he gave away all the value which the stocks were to him January first and also

any increase in the value on account of market conditions. He undoubtedly had a certain satisfaction in making the gifts, and the increased value of the stocks after January first perhaps added to his satisfaction. The increase benefited the donees but was of no money value to him.

To the suggestion that this ruling may open a way to evade taxation, the answer is that every case must stand upon its own foundation. The Comptroller had broad powers in determining the facts as to the good faith of a transaction, and can scent fraud from a distance, but in this case the absence of fraudulent intent and the good faith of the trans-action are conceded. In my opinion the tax is erroneous, and the determination of the Comptroller should be annulled and the matter remitted, with direction to eliminate said alleged profit of $520,850 in determining the tax, with $50 costs and printing disbursements.

All concur, except KILEY J., dissenting.

Determination of the Comptroller annulled and the matter remitted with direction to eliminate the alleged profit of $520,850 in determining the tax, with $50 costs and disbursements.